Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000561
27-SEP-2013
01:40 PM

NO. CAAP-12-0000561

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RUDY RUDOLPHO YASAY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 10-1-0260)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Defendant-Appellant Rudy Rudolpho Yasay (Yasay) appeals from the Judgment filed on June 5, 2012, in the Circuit Court of the Fifth Circuit (Circuit Court).[1] A jury found Yasay guilty of harassment (Count III) for an incident that took place on July 9, 2010; the included offense of attempted second-degree assault (Count IV) and abuse of a family or household member (Count V) for an incident that took place on August 18, 2010; and resisting arrest (Count VI) for an incident that took place on August 21, 2010. The complaining witness (CW) for Counts III, IV, and V was Yasay's girlfriend during the time of the charged offenses. The Circuit Court ruled that Count V merged with Count IV, and it sentenced Yasay to concurrent terms of 30 days of imprisonment on Count III, five years of imprisonment on Count IV, and one year of imprisonment on Count VI.

_____

[1] The Honorable Kathleen N.A. Watanabe presided.

On appeal, Yasay only challenges his conviction on Count IV for the included offense of attempted second-degree assault. Yasay argues: (1) the Circuit Court erred in giving the jury an instruction on the included offense of attempted second-degree assault; (2) the Circuit Court erred in failing to instruct the jury on the specific conduct alleged to form the basis for the included offense of attempted second-degree assault; and (3) there was insufficient evidence to support his conviction for attempted second-degree assault. We affirm.

I.

Yasay was charged in Count IV with committing second-degree assault by causing substantial bodily injury to the CW and/or by causing bodily injury to the CW with a dangerous instrument, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(a), (1)(b), and (1)(d).[2] At trial, the CW testified that while at home, she and Yasay began arguing in the living room. Yasay was holding hedge clippers, which he was in the process of sharpening. Yasay went outside then came running back into the house. Yasay hit the CW on the head with the hedge clippers, then left the residence. The CW sustained a cut to her forehead, which began to bleed. A friend accompanied the CW to the emergency room, where the CW received ten stitches to close the wound.

---

[2] HRS § 707-711 (Supp. 2012) provides in relevant part:

(1) A person commits the offense of assault in the second degree if:

(a) The person intentionally or knowingly causes substantial bodily injury to another;

(b) The person recklessly causes serious or substantial bodily injury to another;

. . .

(d) The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

Dr. Christopher Elliot, the emergency room doctor at Wilcox Hospital, testified that he treated the CW for a head laceration, which was 3.5 centimeters long, as well as bruises to her right foot. With respect to the head laceration, Dr. Elliot testified that the CW reported that she had been attacked with hedge clippers. Dr. Elliot used ten stitches to repair the laceration to the CW's forehead. He testified that he might have used fewer stitches if the laceration had been in a less cosmetically sensitive area, like an arm or leg. He also noted that using steri strips or Dermabond, which is like Super Glue, were alternative ways of closing a wound, but felt that stitches provided a better healing outcome given the size of the wound.

Yasay testified that the CW grabbed his shirt, when he told the CW that he wanted to take his things and leave. According to Yasay, as he struggled with the CW to get her to let go of his shirt, they fell to the living room floor. They continued to struggle on the floor, with Yasay trying to get the CW off of him. There were a number of metal objects on the floor because the house was being painted, and Yasay surmised that the CW must have cut her head on one of these objects. Yasay denied hitting the CW and denied having anything in his hands during the struggle.

II.

We resolve Yasay's arguments on appeal as follows:

A.

The Circuit Court did not err in giving the jury an instruction on the included offense of attempted second-degree assault. A trial court is required to instruct the jury "as to any included offenses when 'there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense[.]'" State v. Haanio, 94 Hawai'i 405, 413, 16 P.3d 246, 254 (2001) (quoting HRS § 701-109(5) (1993)). Attempted second-degree assault is an included offense of second-degree assault. See HRS § 701-109(4)(b) (1993) (stating that an offense is an included

3

offense when "[i]t consists of an attempt to commit the offense charged . . . [.]"); State v. Meyers, 112 Hawai'i 278, 291, 145 P.3d 821, 834 (App. 2006) (holding that attempted first-degree assault is an included offense of first-degree assault).

Here, there was a rational basis in the evidence for the jury to have rendered a verdict acquitting Yasay of second-degree assault, but finding him guilty of attempted second-degree assault. Yasay was charged in Count IV with committing second-degree assault by causing substantial bodily injury to the CW and/or by causing bodily injury to the CW with a dangerous instrument. The jury was instructed, in relevant part, that "substantial bodily injury" means "a major avulsion, laceration or penetration of the skin[.]" They were also instructed, in relevant part, that "dangerous instrument" means a "weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, it is known to be capable of producing death or serious bodily injury."

In this case, a rational jury could have concluded that there was insufficient evidence to prove beyond a reasonable doubt that (1) the laceration suffered by the CW satisfied the definition of "substantial bodily injury" and (2) the hedge clippers used by Yasay satisfied the definition of dangerous instrument. At the same time, a rational jury could have concluded that although Yasay did not cause the CW to actually suffer substantial bodily injury, Yasay did, by striking the CW in the head with hedge clippers, intentionally engage in conduct which was a substantial step in a course of conduct intended or known to cause substantial bodily injury. See HRS § 705-500(2) (1993). Accordingly, we conclude that the Circuit Court did not err in instructing the jury on the included offense of attempted second-degree assault.

B.

Yasay argues that the Circuit Court erred in failing to instruct the jury on the specific conduct alleged to form the

4

basis for the included offense of attempted second-degree assault. Yasay acknowledges that the Circuit Court instructed the jury that Count IV was based on Yasay's alleged conduct of hitting the CW with hedge clippers. He contends, however, that the instruction on the included offense was defective because the Circuit Court did not repeat this specified conduct in instructing the jury on the included offense and because under his version of the incident, he engaged in different conduct that could possibly have caused the CW's injury. Yasay's argument is without merit.

It is clear that the State's prosecution on Count IV was based on the allegation that Yasay had struck the CW with hedge clippers causing the laceration to her head. As Yasay acknowledges, the Circuit Court's instructions to the jury on Count IV specified the conduct on which Count IV was based. The Circuit Court instructed the jury that "[i]n count four of the complaint, the Defendant Rudy Rudolpho Yasay is charged with the offense of assault in the second degree for allegedly hitting [the CW] on the head with hedge clippers." The Circuit Court's instructions also directly linked the charged offense in Count IV with the included offense of attempted second-degree assault. With respect to Count IV, the Circuit Court instructed the jury that it must consider the included offense "if and only if you find the Defendant not guilty of assault in the second degree or you are unable to reach a unanimous verdict as to this offense[.]"

In reviewing alleged errors in jury instructions, "the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Metcalfe, 129 Hawai'i 206, 222, 297 P.3d 1062, 1078 (2013). Under this standard, we conclude that the Circuit Court did not err in instructing the jury on the included offense of attempted second-degree assault.

C.

We reject Yasay's argument that there was insufficient evidence to support his conviction for attempted second-degree assault. When viewed in the light most favorable to the prosecution, see State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), the evidence showed that Yasay intentionally struck the CW in the head with hedge clippers, causing a 3.5 centimeter laceration that required ten stitches to close. There was substantial evidence for a reasonable jury to find that Yasay intentionally engaged in conduct which was a substantial step in a course of conduct intended or known to cause substantial bodily injury to the CW.

III.

We affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, September 27, 2013.

On the briefs:

Craig A. De Costa
(Law Office of Craig A. De Costa)
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge